UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                        Case Number 08-20520

v.                                                                Honorable David M. Lawson

MATT MAGBRAY,

      Defendant.

_____/

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

This matter is before the Court on the defendant's motion to reduce sentence. On February 25, 2009, the defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine (count 1); conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base (count 2); and conspiracy to unlawfully use communication facilities (count 26). On May 13, 2010, the Court sentenced the defendant to 140 months in prison on counts 1 and 2 and 48 months on count 26, to be served concurrently.

On October 31, 2011, the defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c), based on the Fair Sentencing Act and Amendment 750 to the sentencing guidelines. The Court denied that motion because, notwithstanding the changes wrought by Amendment 750, the applicable offense level under the amended guidelines was the same as the offense level applied by the Court at the original sentencing. On October 19, 2012, the defendant filed a second motion to reduce sentence, seeking the same relief, under the same authority. The Court denied the second motion for the same reasons that it denied the first.

On September 14, 2015, the defendant filed a third motion to reduce sentence. In his third motion, the defendant asks the Court retroactively to apply the revised guidelines enacted by

Amendment 782 to the sentencing guidelines, which were made retroactive by the 2014 Drug Retroactivity Amendment. Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10(a)(2) of the Sentencing Guidelines provides that a defendant is not eligible for a sentence reduction if the amendment to the Sentencing Guidelines — in this case, Amendment 782, which was made retroactive by the 2014 Drug Retroactivity Amendment — "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The defendant's original sentence of 140 months in custody was based in part on a sentencing guideline range of 130 to 162 months. He was held accountable for 5 kilograms of powder cocaine and 50 grams of crack cocaine, and his guideline range was calculated accordingly. Under the Drug Quantity Table in the former Sentencing Guideline Manual, 5 kilograms of power cocaine equaled 1,000 kilograms of marijuana equivalency, and 50 grams of crack cocaine equaled 1,000 kilograms of marijuana equivalency. The total of 2,000 grams of marijuana equivalency yielded a base offense level of 32 under the Drug Quantity Table. However, because the quantity was determined by combining the amounts of two different controlled substances, the Guideline Manual in effect at the time allowed for a two-level reduction, which yielded a base offense level of 30.

Under the 2014 Drug Retroactivity Amendment, 5 kilograms of powder cocaine still equals 1,000 kilograms of marijuana equivalency, but 50 grams of crack cocaine equals 178.55 kilograms of marijuana equivalency, for a total of 1,178.55 kilograms of marijuana equivalency. Under the current Drug Quantity Table, the guidelines call for a base offense level of 30. However, there is no corresponding reduction for the effect of combining quantities of two different drugs. The defendant's base offense level of 30 under the current guidelines is the same as the base offense level calculated under the guidelines in effect at his original sentencing. He therefore is ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) because his recalculated sentence would be unaffected by the guideline amendments. *See United States v. Snipes*, 385 F. App'x 483, 486 (6th Cir. 2010) (holding that defendant was not eligible for sentence reduction where the applicable guideline range after considering the effect of the amendment to the Sentencing Guidelines was identical to the original guideline range under which the defendant was sentenced).

Accordingly, it is **ORDERED** that the defendant's motion for sentence reduction [dkt. #468] is **DENIED**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: March 24, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2016.

        s/Susan Pinkowski
        SUSAN PINKOWSKI